Taylor, C. J.
The act of 1810, c. 10, regulates the proceedings in this case. It prescribes the remedy on the bond which the act of 1800, c. 9, had previously required to be taken. The hpnd is to be proceeded on “ in the same manner, and under the same rules and restrictions, *184 that' bonds are proceeded upon in cases of appeals fron* County to the Superior Courts.” The act of 1785, c> directs appeal bonds to be made part of the records sent up to the Superior Courts, and allows judgment to be entered up instanfer, against the appellant and his sureties. The construction of this act has been, that the appellee, if he do not think fit to enter up judgment on the appeal bond at the Term the cause is decided, may have a scire facias to bring the obligors in at a future Term. This is the method pursued in the present casg.
There must, therefore, be judgment for the Plaintiff.
Seawell, J,
The act of 1810 places bonds given upon the obtaining of injunctions, as to the remedy of entpreing them, upon the same footing with bonds in cases of appeal from, the County to the Superior Courts. Upon appeal bonds, the Legislature has declared, there shall and may be judgment upon motion; and has also given to them the quality of a record, by declaring that they shall be made part thereof. The effect thence resulting is, that being fart of a record, a scire facias will lie to enlorce them. The remedy upon these bonds, being declared the same as those referred tó, it follows, that a scire facias will lie ; and, consequently, that
The demurrer must be overruled.
The rest of the Court concurred.